UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEXTER DEAN BARBER,

                Plaintiff,                              Case No. 16-cv-11472

                                                  Paul D. Borman
v.                                              United States District Judge

JANELLE CURRIER, *et al.*,

                Defendants.
_____/

OPINION AND ORDER DENYING PLAINTIFF'S
MOTION FOR RECONSIDERATION (ECF NO. 7)

On May 27, 2016, Plaintiff filed a motion asking this Court to reconsider its May 10, 2016 Order dismissing his Complaint pursuant to 28 U.S.C. § 1915(e)(2). (ECF No. 7, Motion to Reconsider.) "A motion for reconsideration is governed by the local rules in the Eastern District of Michigan, which provide that the movant must show both that there is a palpable defect in the opinion and that correcting the defect will result in a different disposition of the case." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 924 (6th Cir. 2011). Eastern District of Michigan local rules provide in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different

1

disposition of the case.

E.D. Mich. L.R. 7.1(h)(3).

"A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already decided."). "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Public Schools*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003).

The Court previously ruled that Plaintiff's Complaint was frivolous and failed to state a claim upon which relief could be granted and dismissed the Complaint pursuant to 28 U.S.C. § 1915. Plaintiff's motion for reconsideration, like his Complaint, is largely illegible and completely incomprehensible. The motion does not demonstrate "a defect which is

2

obvious, clear, unmistakable, manifest, or plain." *Ososki*, 162 F. Supp. 2d at 718. Plaintiff's

motion for reconsideration does not demonstrate a palpable defect, the correction of which

will result in a different disposition of his case. The motion is therefore DENIED.

IT IS SO ORDERED.


                                    s/Paul D. Borman
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

Dated: June 9, 2016


                          CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney
or party of record herein by electronic means or first class U.S. mail on June 9, 2016.

                                    s/Deborah Tofil
                                    Case Manager